[Civ. No. 8918. Third Dist. Feb. 5, 1957.]

MAURICE ANGE, Appellant, v. WILLARD THRASHER et al., Respondents.

Russell Cook for Appellant.

Honey, Mayall & Hurley and John J. Hurley for Respondents.

PEEK, J.—Plaintiff Ange, a passenger in a car driven by the defendant Thrasher, sought damages for personal injuries received by him as the result of a collision between the Thrasher car and one driven by the defendant Hicks. Thrasher cross-complained against Ange and Hicks for damages to his car. Before trial the action against Hicks was dismissed without prejudice upon a covenant not to sue. At the conclusion of the trial before the court sitting without a jury, judgment was entered against plaintiff on his complaint and in favor of defendant Thrasher on his cross-complaint against Hicks. Plaintiff now appeals from that portion of the judgment which denied him relief as against Thrasher.

The facts show that on the morning of the collision there was a fog of varying density and that visibility, according to witnesses, ranged from 100 to 220 feet. Ange and Thrasher were on their way to work at an army depot near Stockton. With Thrasher driving, they proceeded easterly along Edison Street in the city of Manteca. Upon reaching Highway 99, a main arterial which at that point runs north and south, Thrasher stopped his car a few feet from the westerly edge of the highway. He observed traffic approaching from the north, or his left, and after waiting for it to pass looked to his right, and, seeing no vehicles approaching from that direction, he proceeded into the intersection, turning to his left, or north. While the car was in the westerly half of the highway, Ange exclaimed, "Here comes one." Thrasher continued on, completed his left turn and proceeded north on the highway. At a point approximately 80 feet north of the center line of Edison Street, and while he was driving approximately 15 or 20 miles an hour, the rear of his car was struck by the car being operated by the defendant Hicks. The force of the impact was sufficient to drive Thrasher's car 34 feet forward and into a telephone pole which was completely sheared off. The collision occurred in a 35-mile-an-hour zone. From the evidence so summarized the court found that the sole and proximate cause of the injuries sustained by plaintiff resulted from the negligence and carelessness of the defendant Hicks.

We find no merit in plaintiff's contention that the defendant Thrasher was guilty of negligence as a matter of law. ■ While it is true that under the provisions of section 552 of the Vehicle Code, a driver of a vehicle which has stopped at the entrance to a through highway must yield the right of way to other vehicles which are approaching so closely as to constitute "an immediate hazard," nevertheless, having so yielded, he may then proceed and "the drivers of all other vehicles approaching the intersection on the through highway shall yield the right of way" to him. ■ Under the facts summarized, the question of negligence was one for the trial court, as the trier of fact, to decide. Such facts could well sustain the implied finding that Thrasher reasonably believed the Hicks car was not an immediate hazard, and the direct finding that the sole and proximate cause of the collision and the resulting injuries was the negligent operation by Hicks of his automobile. (*Stickel* v. *San Diego Elec. Ry. Co.*, 32 Cal.2d 157 [195 P.2d 416].)

Counsel for appellant, in his statement of facts, also indirectly attacks the action of the trial court in striking certain testimony given by plaintiff. Such contention is not set forth as a ground for appeal, nor is it again mentioned except for a terse reference thereto in plaintiff's reply brief. Apparently plaintiff's only cause for complaint in this regard is that defense counsel should have objected before the answer, a pure conclusion on the part of plaintiff, was in. The contention, if it be such, is wholly devoid of merit.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.